DFGIN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DFG-FELCH STREET, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC,<br><br>Defendant. | CASE NO.  20-cv-663<br><br>JUDGE<br><br>**DEFENDANT OLD NAVY, LLC'S NOTICE OF REMOVAL**<br><br>Removed from the 20th Circuit Court, Ottawa County, Case No. 20-6184-CB, Jon A. Van Allsburg |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Old Navy LLC ("Old Navy"), expressly reserving all questions other than that of removal, hereby removes the above-captioned action from the 20th Circuit Court, Ottawa County, Michigan to the United States District Court for the Western District of Michigan, and in support thereof states as follows:

1. On June 17, 2020, Plaintiff DFG-Felch Street, LLC ("DFG") filed a Complaint against Old Navy in the 20th Circuit Court, Ottawa County, Case No. 20-6184-CB (the "Lawsuit"). On July 1, 2020, Old Navy received the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint received by Old Navy in the Lawsuit are attached hereto and incorporated herein as **Exhibit A**.

2. Removal is proper under 28 U.S.C. §§ 1441(a) and 1332 because DFG and Old Navy are citizens of different States and the amount in controversy of the Lawsuit is in excess of $75,000.00, exclusive of interest and costs.

3. DFG alleges a claim for breach of contract against Old Navy for unpaid rent on the premises located at 12635 Felch Street, Holland, Michigan (the "Premises"). DFG's breach of contract claim centers upon a written Lease dated September 25, 1998, by and between Old Navy and DFG's predecessor in interest, Geenen DeKock Properties, LLC, as amended on February 16, 2004; November 8, 2007; July 18, 2011; September 4, 2014; November 8, 2016; and March 30, 2018 (cumulatively, the "Lease").

4. This Court has jurisdiction over this Lawsuit pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between DFG and Old Navy and the amount in controversy exceeds $75,000.00.

I. **DIVERSITY OF CITIZENSHIP**

5. Where an action involves a limited liability company, like this Lawsuit, such company is considered a citizen of every jurisdiction of which any member is a citizen. *Delay v. Rosenthal Collins Grp.*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009).

6. Upon information and belief, and based upon other court filings, the members of DFG are John Roche ("Roche"), an individual who resides in

Michigan, and/or Michael Carroll ("Carroll"), an individual who resides in Michigan. Roche and Carroll are citizens of Michigan and, therefore, DFG is a citizen of Michigan.

7. Old Navy is a Delaware limited liability company with its principal place of business in San Francisco, California. Old Navy's sole member, The Gap, Inc. ("Gap"), is a Delaware corporation with its principal place of business in San Francisco, California. Gap is a citizen of Delaware and California and, therefore, Old Navy is a citizen of Delaware and California.

8. Accordingly, for removal purposes, DFG is a citizen of Michigan, and Old Navy is a citizen of Delaware and California. The parties therefore are completely diverse and were so at the time the Lawsuit was filed.

## II.   **AMOUNT IN CONTROVERSY**

9. In the Lawsuit, DFG alleges that Old Navy owes base rent in the amount of $18,787.00 per month, plus Percentage Rule (as defined in the Lease), common area maintenance charges, taxes, and insurance.

10. DFG alleges that Old Navy is currently in arrears in the amount of $85,356.46, for at least the months of April, May, and June 2020, and will continue to accrue monthly until this lawsuit is resolved. DFG also alleges that it is entitled to recover enforcement costs, including its attorneys' fees and expenses. Therefore, the amount in controversy at least $75,000.

11. The jurisdictional requirement under 28 U.S.C. § 1332(a) is satisfied.

### III. TIMELINESS OF REMOVAL

12. Old Navy received a copy of the Summons and Complaint in the Lawsuit on July 1, 2020.

13. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of Old Navy's notice and receipt of DFG's Complaint.

### IV. VENUE IS PROPER

14. The Lawsuit was filed in the 20th Circuit Court, Ottawa County, Michigan and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), and 1446.

### V. NOTICE TO PLAINTIFF AND THE STATE COURT

15. Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to DFG, and a copy of the Notice of Removal will be filed with the 20th Circuit Court, Ottawa County, Michigan.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Old Navy, LLC hereby removes this action from the 20th Circuit Court, Ottawa County, Michigan to the United States District Court for the Western District of Michigan, and requests that this action proceed as properly removed to this Court.

Respectfully submitted,

/s/ Timothy J. Lowe
MCDONALD HOPKINS, PLC
Timothy J. Lowe (P68669)
Mark W. Steiner (P78817)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
tlowe@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com


MICHAEL GEIBELSON (admission pending)
DANIEL ALLENDER (admission pending)
ROBINS KAPLAN LLP
2049 Century Park East
Suite 3400
Los Angeles, California 90067
Phone: 310.552.0130
Fax:   310.229.5800
Email:     mgiebelson@robinskaplan.com
           dallender@robinskaplan.com

*Counsel for Defendant*
*Old Navy LLC*

## **CERTIFICATE OF SERVICE**

I certify that on July 20, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the E-Filing System which will send notification of such filing to all counsel of record.

By: /s/ Timothy J. Lowe
Timothy J. Lowe (P68669)

# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>20th   JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>20- 6184 - CB |

| Court address | | Court telephone no. |
|---|---|---|
| 414 Washington Avenue Suite 300 Grand Haven, MI 49417 | **JON A. VAN ALLSBURG** | (616) 846-8320 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| DFG-FELCH STREET, LLC<br>10100 Waterville Street<br>Whitehouse, OH 43571 | v | OLD NAVY, LLC<br>2 Folsom Street, 5th Floor<br>San Francisco, CA 94105 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| John A. Borell, Jr. (P68567)<br>Marshall & Melhorn, LLC<br>Four Seagate, Eighth Floor, Toledo, OH 43604<br>Telephone: (419) 249-7100 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements. By Dept. Clerk

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 6-17-20 | 9-16-20 | JUSTIN F. ROEBUCK | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. 20-6184-CB |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
                                          Day, date, time

_____ on behalf of _____.
Signature

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA
### 20TH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| DFG-FELCH STREET, LLC<br>10100 Waterville Street<br>Whitehouse, OH 43571 | )<br>)<br>) | Case No.<br><br>Judge |
| Plaintiff, | ) | |
| vs. | ) | |
| OLD NAVY, LLC<br>2 Folsom Street, 5th Floor<br>San Francisco, CA 94105 | )<br>)<br>) | |
| Defendant. | ) | |

John A. Borell, Jr. (P68567)
Marshall & Melhorn, LLC
Four SeaGate, Eighth Floor
Toledo, Ohio 43604
Tel: (419) 249-7100
Fax: (419) 249-7151
borell@marshall-melhorn.com
*Counsel for Plaintiff*

**COMPLAINT FOR BREACH OF COMMERCIAL LEASE**
**(MONEY DAMAGES ONLY)**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

      /s/ John A. Borell, Jr.
      John A. Borell, Jr. (P68567)

Plaintiff, DFG-FELCH STREET, LLC ("Landlord"), through counsel, for its Complaint against Defendant, OLD NAVY, LLC ("Tenant"), states:

## Count One

1. Landlord is a Delaware limited liability company, duly registered with the Delaware Secretary of State.

2. Tenant is a Delaware corporation, duly registered with the Delaware Secretary of State and the Michigan Secretary of State.

3. Landlord owns real property and related improvements located at 12635 Felch Street, Holland, Michigan (the "Property"), a shopping center commonly known as the Felch Street Shopping Center (the "Shopping Center").

4. Tenant entered into a shopping center lease (the "Original Lease") dated September 25, 1998 with GEENEN DEKOCK PROPERTIES, LLC ("GEENEN DEKOCK"), under which Tenant agreed to lease a portion of the Property as more fully described in the Original Lease, but generally consisting of 18,787 square feet located at the Shopping Center (the "Premises"). A copy of the Original Lease is attached as **Exhibit A**.

5. Landlord is the successor in interest to GEENEN DEKOCK.

6. The Original Lease was amended by the following:

   a. A First Amendment to Lease dated February 16, 2004 between GEENEN DEKOCK and Tenant, a copy of which is attached as **Exhibit B**;

2

  b. A Second Amendment to Lease dated November 8, 2007 between GEENEN DEKOCK and Tenant, a copy of which is attached as **Exhibit C**;

  c. A Third Amendment to Lease dated July 18, 2011 between GEENEN DEKOCK and Tenant, a copy of which is attached as **Exhibit D**;

  d. A Fourth Amendment to Lease dated September 4, 2014 between GEENEN DEKOCK and Tenant, a copy of which is attached as **Exhibit E**;

  e. A Fifth Amendment to Lease dated November 8, 2016 between Landlord (as successor-in-interest to GEENEN DEKOCK) and Tenant, a copy of which is attached as **Exhibit F**; and

  f. A Sixth Amendment to Lease dated March 30, 2018 between Landlord (as successor-in-interest to GEENEN DEKOCK) and Tenant, a copy of which is attached as **Exhibit G**.

The Original Lease and above amendments are collectively the "Lease".

  7. Under the Sixth Amendment to Lease, the term of the Lease was extended for a period of five years, commencing on December 1, 2018 and continuing through and including November 30, 2023 (the "Fourth Extended Term").

8. Under the Lease, Tenant must pay "Minimum Rent" for the Fourth Extended Term in the amount of $225,444.00 per annum, payable in advance monthly installments of $18,787.00 on the first day of the month.

9. In addition to Minimum Rent, under the Lease, Tenant must pay as additional rent a percent of total gross sales in excess of an annual breakpoint ("Percentage Rent") as defined in the Lease.

10. In addition to Minimum Rent and Percentage Rent, under the Lease, Tenant must pay certain other things including, but not limited to, common area maintenance charges, taxes, and insurance (defined in the Lease as "Additional Rent"), which with Minimum Rent and Percentage Rent are collectively "Rent".

11. Under the Lease, Tenant is in default of the Lease if, among other things, tenant fails to pay Rent or other sums due under the Lease within ten days after the giving of notice thereof by Landlord specifying such default.

12. Tenant failed to timely pay Rent and in a letter dated April 14, 2020, Landlord notified Tenant of its failure to pay timely Rent and that Tenant has a past due rent balance of $40,901.92 (the "April Notice Letter"). A copy of the Notice Letter is attached as **Exhibit H**. Tenant did not pay after receiving the April Notice Letter.

13. On May 1, 2020, Tenant again failed to timely pay rent. In a letter dated May 13, 2020, Landlord notified Tenant of its failure to again pay timely Rent and Tenant now has a past due rent balance of $63,129.19 (the "May Notice

Letter"). A copy of the May Notice Letter is attached as **Exhibit I**. Tenant did not pay after receiving the May Notice Letter.

14. On June 1, 2020, Tenant again failed to timely pay rent. In a letter dated June \_\_\_\_, 2020, Landlord notified Tenant of its failure to again pay timely Rent and Tenant now has a past due rent balance of $81,916.19 (the "June Notice Letter"). A copy of the June Notice Letter is attached as **Exhibit J**. Tenant did not pay after receiving the June Notice Letter.

15. During the pendency of this action, other amounts of Rent may become due and owing by Tenant to Landlord.

16. Tenant's failure to timely pay Rent within ten days of the April Notice Letter is a default and breach of the Lease.

17. Tenant's failure to timely pay Rent within ten days of the May Notice Letter is a default and breach of the Lease.

18. Landlord has performed all of its obligations under the Lease.

19. Due to Tenant's breach, Landlord has suffered damages in excess of $81,916.19.

20. Under the Lease, Tenant agreed to pay all the costs and expenses, including reasonable attorneys' fees and costs, Landlord incurs in enforcing its rights under the Lease.

**WHEREFORE,** Plaintiff, DFG-FELCH STREET, LLC, prays for judgment against Defendant, OLD NAVY, LLC, in an amount to be proven at trial, plus

interest, an award of costs and attorneys' fees and such further relief as may be deemed appropriate by this Court.

>
> Respectfully submitted,
>
> /s/ John A. Borell, Jr.
> John A. Borell, Jr. (P68567)
> *Counsel for Plaintiff*